SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X  Index No.:

KUMIKO HASEGAWA,

                    Plaintiff,

- against -

HIROYOSHI HASEGAWA, SAM SUZUKI, SATOKO
SUZUKI, TOMONARI NOMURA, and NOMURA
SUZUKI PROPERTIES, LTD.,

                    Defendants.

------------------------------------------------------------------X

**AMENDED
VERIFIED COMPLAINT**

Plaintiff, by and through her attorneys, PIRROTTI & PIRROTTI, as and for her Verified Complaint, states and alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, Plaintiff, KUMIKO HASEGAWA, was and still is a resident of the County of Westchester, State of New York.

2. That at all times hereinafter mentioned, the Defendant, HIROYOSHI HASEGAWA, was and still is a resident of the County of New York, State of New York.

1

3. The parties to this action were married on June 25, 1972 at Tokyo, Japan.

4. The residency requirements of Domestic Relations Law Section 230 have been met in the following manner:

> The parties resided in New York as husband and wife and both parties were residents of New York at the time this action was commenced and had been New York residents continuously for at least one year immediately prior to commencement of this action.

> The grounds upon which this action is based occurred in New York State and both parties were residents of New York at the time this action was commenced and had been New York residents continuously for at least one year immediately prior to commencement of this action.

5. This marriage has never been altered or dissolved by any judgment of divorce, annulment or dissolution of marriage issued by any court of competent jurisdiction.

6. No other action between the parties is pending in any court of competent jurisdiction which seeks the same or similar relief as that which is sought herein.

7. Prior to the entry of final judgment in this action, Plaintiff will take any and all steps within Plaintiff's power to remove any barriers to Defendant's remarriage subsequent to the entry of judgment herein.

8. There are three (3) children of this marriage, as follows:

>Shingo Hasegawa; born 7/7/75
>Michiko Hasegawa; born 11/21/78
>Tomomi Hasegawa; born 10/17/81

9. The Defendant's treatment of the Plaintiff has been cruel and inhuman and has so endangered the Plaintiff's physical or mental well-being as to render it unsafe or improper for the parties to continue to cohabit. More specifically, but without limitation, the misconduct of the Defendant has been as follows:

>(a) In or about March, 1996, at defendant's residence in Manhattan, as plaintiff was attempting to leave the room, defendant did violently seize plaintiff by the arm and wrench her back into the room. Defendant then proceeded to punch plaintiff in the face with a closed fist and thrust his knee into plaintiff's stomach. Defendant additionally grabbed plaintiff by the hair and repeatedly pounded her head into the wood floor.

>(b) In or about April, 1995, in the kitchen of the marital residence, defendant threw plates, glasses, pots and pans, etc. about the kitchen and at the plaintiff. Defendant engaged in such behavior on at least four (4) separate occasions prior to April of 1995.

>(c) On at least two occasions between January and March of 1995, defendant grabbed plaintiff about the neck both with his hands and in a headlock-type grip, choking the plaintiff.

>(d) In or about January, 1993, in the kitchen of the marital residence, defendant did punch plaintiff in the face with a closed fist, knocking her to the ground. Defendant then kicked plaintiff about the back and stomach repeatedly. While plaintiff was lying on the kitchen floor, defendant then proceeded to drag her around the floor by her hair.

(e) Since in or about January of 1995, and intermittently to date, defendant has maliciously and corruptly, with intent to injure plaintiff, threatened to kill the plaintiff and her children during their sleep.

## AS AND FOR A SECOND CAUSE OF ACTION

10. The Plaintiff, KUMIKO HASEGAWA, repeats, reiterates and reallege each and every allegation contained in this Complaint marked and numbered "1" through "9" with the same force and effect as though more fully set forth herein at length.

11. That upon information and belief, and at all times pertinent herein, Defendant, NOMURA SUZUKI PROPERTIES, LTD. (hereinafter referred to as the "Defendant Corporation") is a New York corporation with its principal place of business located at 342 Madison Avenue, New York, New York.

12. That upon information and belief, and at all times hereinafter mentioned, Defendant, SAM SUZUKI, was and still is a resident of the County of New York, State of New York.

13. That upon information and belief, and at all times hereinafter mentioned, the Defendant, SAM SUZUKI, was and still is the President of the Defendant Corporation.

14. That upon information and belief, and at all times hereinafter mentioned, the Defendant, SAM SUZUKI, was and still is a shareholder of the Defendant Corporation.

15. That upon information and belief, and at all times hereinafter mentioned, Defendant, TOMONARI NOMURA, was and still is a resident of the County of Queens, State of New York.

16. That upon information and belief and at all times hereinafter mentioned, Defendant, TOMONARI NOMURA, was and still is a Vice President of the Defendant Corporation.

17. That upon information and belief, and at all timed hereinafter mentioned, Defendant, TOMONARI NOMURA, was and still is a shareholder of the Defendant Corporation.

18. That upon information and belief, and at all times hereinafter mentioned, Defendant, SATOKO SUZUKI, was and still is a resident of the County of New York, State of New York.

19. That upon information and belief, and at all times hereinafter mentioned, Defendant, SATOKO SUZUKI, was and still is the managing agent of Manshion Joho Center, Inc. (hereinafter referred to as "M.J.C., Inc.").

20. During the course of the marriage between plaintiff, KUMIKO HASEGAWA, and the Defendant, HIROYOSHI HASEGAWA, the Plaintiff and her husband owned all of the outstanding and issued shares of a real estate corporation located in Tokyo, Japan known as Manshion Joho Center, Ltd. (hereinafter referred to as "M.J.C., Ltd.").

21. That Defendant, HIROYOSHI HASEGAWA, operated, managed and controlled M.J.C., Ltd. by, inter alia, buying, selling and leasing real property.

22. That Defendant, HIROYOSHI HASEGAWA, acting on behalf of M.J.C., Ltd. did form M.J.C., Inc., as a real estate corporation in the State of New York.

23. That Defendant, HIROYOSHI HASEGAWA, operated, managed and controlled M.J.C., Inc. by, inter alia, buying, selling and leasing real property.

24. That during the course of the marriage, the Defendant, HIROYOSHI HASEGAWA, did issue twenty (20) shares of common stock in M.J.C., Inc. to himself, which shares were all of the issued and outstanding shares of stock of M.J.C., Inc.

25. That the stock of M.J.C., Inc. was marital property, and, as such, subject to equitable distribution.

26. That Defendant, HIROYOSHI HASEGAWA, operated, managed and controlled the M.J.C., Inc. in New York at the same time he operated, managed and controlled M.J.C., Ltd. in Japan.

27. That all of the income of the Defendant, HIROYOSHI HASEGAWA, was derived from his stock ownership in and his management, operation and control of both M.J.C., Inc. and M.J.C., Ltd. which income was used for the support and maintenance of his family.

28. That the Plaintiff, KUMIKO HASEGAWA, previously commenced an Action for Divorce against her husband, Defendant, HIROYOSHI HASEGAWA, in the Supreme Court, Westchester County (hereinafter referred to as the "Matrimonial Proceeding").

29. That the defendant husband, Defendant, HIROYOSHI HASEGAWA, was served with a Summons and Complaint for divorce on September 10, 1996.

30. That on August 13, 1996, Plaintiff, KUMIKO HASEGAWA, submitted an Order To Show Cause to the Hon. John P. DiBlasi, which Order granted a Temporary

Restraining Order preventing the defendant, HIROYOSHI HASEGAWA, from transferring, disposing or otherwise conveying any of his business or personal assets, pending a determination of the Order to Show Cause.

31. That on May 21, 1997 in connection with an Order to Show Cause for *Pendente Lite* relief, the Hon. Fred L. Shapiro entered an Order granting Plaintiff, KUMIKO HASEGAWA's, request for a Temporary Restraining Order, that would remain in effect unless otherwise agreed to, that Defendant, HIROYOSHI HASEGAWA, be:

> "enjoined and restrained from selling, transferring, conveying, withdrawing, encumbering, or hypothecating any and all business or personal marital assets, and the proceeds, rents and any payments arising therefrom, pending the trial of this action".

32. That, in violation of the Temporary Restraining Order and the *Pendente Lite* Order prohibiting the transfer of property owned by Defendant, HIROYOSHI HASEGAWA, the said Defendant, HIROYOSHI HASEGAWA, transferred all of his title and interest to his shares of stock in the real estate corporation known as M.J.C., Inc. to the Defendant Corporation.

33. That the Defendant Corporation, and Defendants, SAM SUZUKI, TOMONARI NOMURA and SATOKO SUZUKI were at all times aware of the Action of

Divorce instituted by the Plaintiff against Defendant, HIROYOSHI HASEGAWA, and the Temporary Restraining Order and the *Pendente Lite* Order prohibiting any transfer of assets owned by Defendant, HIROYOSHI HASEGAWA.

34. That the Defendant, HIROYOSHI HASEGAWA, advised the Defendant Corporation and the Defendants, SAM SUZUKI, TOMONARI NOMURA and SATOKO SUZUKI, of the Temporary Restraining Order and the *Pendente Lite* Order.

35. That the Defendants, SAM SUZUKI and TOMONARI NOMURA formed the Defendant Corporation for the express purpose of fraudulently purchasing the stock owned by M.J.C., Inc. to defraud plaintiff, KUMIKO HASEGAWA, of her interest in the stock of M.J.C., Inc.

36. That heretofore and on or about August 27, 1997, in New York County, the Defendants herein conspired together and maliciously entered into a scheme to defraud plaintiff, KUMIKO HASEGAWA, of the interest in the stock of M.J.C., Inc. and thereby deprive her of a claim against the stock of M.J.C., Inc. as a marital asset.

37. That heretofore and on or about August 27, 1997, in New York County, in furtherance of said conspiracy, the Defendants did the acts and things herein alleged and all such acts and things were participated in and done by all of the Defendants or one or more

9

of them as according to the plan of said conspiracy and for the purpose of defrauding and deceiving the Plaintiff, KUMIKO HASEGAWA, as hereinbefore alleged.

38. That on or about August 27, 1997, the Defendant Corporation did willfully enter into a collusive agreement with Defendant, HIROYOSHI HASEGAWA, for an alleged purchase price of 3.4 million dollars for all of Defendant, HIROYOSHI HASEGAWA's shares of stock in M.J.C., Inc. (hereinafter referred to as the "August 27, 1997 Agreement).

39. That the Defendant, SAM SUZUKI, acknowledged under oath that the purchase price for the shares of stock was stated on the Contract of Sale as 3.4 million dollars; but, in reality, the parties agreed upon a purchase price for the shares of stock of 4.7 million dollars.

40. That in furtherance of the scheme to defraud Plaintiff, KUMIKO HASEGAWA, the Defendants effected a transfer of the stock of M.J.C., Inc. from Defendant, HIROYOSHI HASEGAWA, to the Defendant Corporation.

41. That the Defendant Corporation and the Defendants, SAM SUZUKI, TOMONARI NOMURA and SATOKO SUZUKI, failed to pay any consideration whatsoever for the transfer of the stock ownership in M.J.C., Inc. by Defendant, HIROYOSHI HASEGAWA.

42. That upon the conveyance of his stock ownership in M.J.C., Inc., Defendant, HIROYOSHI HASEGAWA, continued operating, managing and controlling M.J.C., Inc.

43. That the Defendant, SATOKO SUZUKI, acting together with the Defendant Corporation and the Defendants, SAM SUZUKI and TOMONARI NOMURA, used her position as the managing agent of M.J.C., Inc. to further the Defendants' fraudulent scheme to defeat the Plaintiff's interest as Creditor of Defendant, HIROYOSHI HASEGAWA, by willfully concealing Defendant, HIROYOSHI HASEGAWA's true role in continuing to operate, manage and control M.J.C., Inc., after the alleged transfer of the stock ownership to the Defendant Corporation.

44. That upon information and belief, the conveyance of the shares of stock by Defendant, HIROYOSHI HASEGAWA, to Defendant Corporation was made with intent on the part of the Defendant, HIROYOSHI HASEGAWA, to hinder, delay, and defraud plaintiff of her just claims against Defendant, HIROYOSHI HASEGAWA, and her interest in the shares of stock of M.J.C., Inc., as a marital asset.

45. That upon information and belief, the Defendant Corporation and Defendants, SAM SUZUKI, SATOKO SUZUKI, and TOMONARI NOMURA, had actual or constructive knowledge of Defendant, HIROYOSHI HASEGAWA's intent to defraud the

11

plaintiff, KUMIKO HASEGAWA, from her interest in the shares of stock of M.J.C., Inc., as a marital asset.

46. That upon information and belief, the actual purpose and intent of all of the Defendants in consummating the transfer of the shares of stock of M.J.C., Inc. by Defendant, HIROYOSHI HASEGAWA, to the Defendant Corporation, was to place the shares of stock and the income generated from the business of M.J.C., Inc. beyond the reach of plaintiff, KUMIKO HASEGAWA's claim for equitable distribution of all of the marital assets under the Domestic Relations Law.

## AS AND FOR A THIRD CAUSE OF ACTION

47. The plaintiff, KUMIKO HASEGAWA, repeats, reiterates and reallege each and every allegation contained in this Complaint marked and numbered "1" through "46" as though more fully set forth herein at length.

48. That the August 27, 1997 Agreement between Defendants, HIROYOSHI HASEGAWA, and the Defendant Corporation was designed to thwart the enforcement of the *Pendente Lite* Order in the Matrimonial Proceeding by the Plaintiff against Defendant, HIROYOSHI HASEGAWA, and the distribution of the stock of M.J.C., Inc. and the income generated from the business of M.J.C., Inc. as marital assets.

49. That at the time of the transfer of the stock, the Plaintiff, KUMIKO HASEGAWA, was a creditor of the Defendant, HIROYOSHI HASEGAWA, as defined by §270 and §273-a of the Debtor and Creditor Law as a result of the pending Matrimonial Proceeding.

50. That at the time of the transfer of the stock, the Plaintiff, KUMIKO HASEGAWA, was a creditor of Defendant, HIROYOSHI HASEGAWA, as defined by §270 of the Debtor & Creditor Law, as Defendant, HIROYOSHI HASEGAWA, was obligated to pay for his family's support pursuant to the Order of the Supreme Court.

51. That the conveyance from Defendant, HIROYOSHI HASEGAWA, to the Defendant Corporation was made intentionally and fraudulently and in order to defeat the rights of the Plaintiff, KUMIKO HASEGAWA, as such a creditor, all to her damage.

## AS AND FOR A FOURTH CAUSE OF ACTION

52. The plaintiff, KUMIKO HASEGAWA, repeats, reiterates and reallege each and every allegation contained in this Complaint marked and numbered "1" through "51", as though more fully set forth herein at length.

53. As a result of the fraudulent sale as hereinbefore set forth and the institution of this action, the plaintiff, KUMIKO HASEGAWA, has incurred and will incur attorney's fees in order to protect her rights and interest herein.

54. By reason of the foregoing, the plaintiff requests attorney's fees in accordance with §276-b of the Debtor and Creditor Law in an amount to be determined by this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for the following relief:

On The First Cause of Action against the Defendant, HIROYOSHI HASEGAWA

a. Divorcing the parties and dissolving the marital relationship which has heretofore existed.
b. Awarding Plaintiff custody of the unemancipated Children of the marriage.
c. Awarding Plaintiff child support, including, but not limited to, a periodic payment, and, where appropriate, a child care allowance, health care allowance, and allowance for private and/or college educational expenses.
d. Directing Defendant to maintain medical and dental insurance coverage for the benefit of any unemancipated child of the marriage.
e. Granting Plaintiff, a person not in receipt of aid to dependent children, child support enforcement services, upon submission of a formal request for same in the manner specified by Section 111-g of the Social Services Law.
f. Awarding Plaintiff exclusive use and occupancy of the marital residence.
g. Awarding Plaintiff exclusive use and occupancy of the contents of the marital residence.
h. Awarding Plaintiff maintenance.
i. Awarding Plaintiff equitable distribution of marital property, including a distributive award to Plaintiff if required or appropriate to effect such equitable distribution.

j. Declaring Plaintiff's separate property.
k. Directing Defendant to maintain medical and dental insurance coverage for the benefit of Plaintiff.
l. Directing Defendant to pay any and all uninsured medical expenses incurred by Plaintiff.
m. Directing Defendant to maintain life insurance coverage on Defendant's life with Plaintiff to be designated as irrevocable beneficiary.
n. Directing the defendant to stay away from the plaintiff and the children and ordering the defendant not to harass, menace, threaten, attempt to assault or assault the plaintiff or the children, destroy or damage any property, or take the children from the plaintiff or the school without plaintiff's prior consent
o. Awarding Plaintiff counsel fees, expert fees, interpreter's fees and other litigation expenses;
p. Granting each party the right to resume the use of any maiden name or other premarriage surname.

On The Second Cause of Action Against the Defendants, HIROYOSHI HASEGAWA, NOMURA SUZUKI PROPERTIES, LTD, SAM SUZUKI, SATOKO SUZUKI and TOMONARI NOMURA:

a. That the Plaintiff, KUMIKO HASEGAWA, have Judgment based on Common Law Fraud against all Defendants in this Action in an amount to be determined by this Court.

On The Third Cause of Action Against the Defendants, HIROYOSHI HASEGAWA, NOMURA SUZUKI PROPERTIES, LTD, SAM SUZUKI, SATOKO SUZUKI and TOMONARI NOMURA:

a. setting aside and annulling the fraudulent conveyance of the stock of M.J.C., Inc. to the Defendants, HIROYOSHI HASEGAWA, NOMURA SUZUKI PROPERTIES, LTD., SAM SUZUKI, SATOKO SUZUKI AND TOMONARI NOMURA;
b. for a directive in said Judgment ordering that the Defendants, HIROYOSHI HASEGAWA, NOMURA SUZUKI PROPERTIES, LTD., SAM SUZUKI, SATOKO SUZUKI and TOMONARI NOMURA, relinquish the shares of any stock issued to Defendant, HIROYOSHI HASEGAWA, or transferred by Defendant, HIROYOSHI HASEGAWA, during the course

of this Action, to the Plaintiff, KUMIKO HASEGAWA, to be held by plaintiff pending the outcome of plaintiff's action for divorce against Defendant, HIROYOSHI HASEGAWA, pending in the Supreme Court, Westchester County;

On The Fourth Cause of Action Against the Defendants, HIROYOSHI HASEGAWA, NOMURA SUZUKI PROPERTIES, LTD, SAM SUZUKI, SATOKO SUZUKI and TOMONARI NOMURA:

a. That the plaintiff, KUMIKO HASEGAWA, have judgment against the Defendants, HIROYOSHI HASEGAWA, SAM SUZUKI, SATOKO SUZUKI, TOMONARI NOMURA, and NOMURA SUZUKI PROPERTIES, LTD., for her reasonable attorney's fees pursuant to the Debtor and Creditor Law; and

and for such other and further relief as may be just, suitable and proper, together with the costs and disbursements of this action.

Dated: Ardsley, New York
September 14, 1998

Yours, etc.

ANTHONY J. PIRROTTI, ESQ.
PIRROTTI & PIRROTTI
Attorneys for Plaintiff
501 Ashford Avenue
Ardsley, New York 10502
(914) 693-8000

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

**KUMIKO HASEGAWA**, being duly sworn, deposes and says:

I am the plaintiff in the above entitled action.

I have read the annexed **Amended Verified Complaint**, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

*Kumiko Hasegawa*
KUMIKO HASEGAWA

Sworn to before me this
14th day of September, 1998

_____
NOTARY PUBLIC

ANTHONY J. PIRROTTI
Notary Public, State of New York
No. 24-8381860
Qualified in Westchester County
Comm. Expires December 31, 19__

## CLIENT CERTIFICATION

I, KUMIKO HASEGAWA, HEREBY CERTIFY, under penalty of perjury, that I have carefully read and reviewed the annexed document and that all information contained in that document is true and accurate in all respects to the best of my knowledge and understanding.

I FURTHER CERTIFY, under penalty of perjury, that neither my attorney, nor anyone acting on my attorney's behalf, was the source of any of the information contained in the annexed document; that I provided all of the information contained in the annexed document to my attorney; and that I understand that my attorney, in executing the Attorney Certification required by 22 NYCRR 202.16(e), is relying entirely upon the information provided by me and upon my certification that all such information is true and accurate.

I FURTHER CERTIFY, that the annexed document includes all information which I provided to my attorney which is relevant to such document and that my attorney has not deleted, omitted or excluded any such information.

Dated: September 14, 1998

_Kumiko Hasegawa_
KUMIKO HASEGAWA

## ATTORNEY CERTIFICATION

I, ANTHONY J. PIRROTTI, certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, certify that the presentation of the foregoing paper or the contentions therein are not frivolous as defined in subsection (c) of section 130-1.1 of the Rules of the Chief Administrator of the Courts.

Dated: September 14, 1998

_Anthony J. Pirrotti_
ANTHONY J. PIRROTTI

M:\HASEGAWA\1390-01M\COMPLAIN.02